[Cite as *State v. Johnson*, 2014-Ohio-4826.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 14AP-336 |
| v. | : | (C.P.C. No. 13CR-4487) |
| Brandon D. Johnson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 30, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

*Yeura R. Venters*, Public Defender, and *David L. Strait*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Defendant-appellant, Brandon D. Johnson, appeals his sentence for one count of receiving stolen property. For the following reasons, we reverse the portion of appellant's sentence imposing restitution.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 23, 2013, appellant was indicted for one count of receiving stolen property, in violation of R.C. 2913.51. According to the state, appellant caused an automobile accident in a stolen vehicle. Appellant pled guilty to the offense as charged.

{¶ 3} At the sentencing hearing, the state requested that appellant pay $6,256.53 in restitution directly to the owner of the stolen vehicle's automobile insurance company.

Appellant opposed the restitution request.  The trial court directed appellant to pay the requested restitution to the insurance company, and later journalized the same in appellant's sentencing entry.  This appeal timely followed.

## II.  ASSIGNMENT OF ERROR

{¶ 4}   Appellant raises one assignment of error for our review:

The trial court committed reversible error by ordering Defendant-Appellant to pay restitution to an insurance company.

## III.  DISCUSSION

{¶ 5}   In his sole assignment of error, appellant argues the trial court erred when it ordered him to pay restitution to an insurance company.  Generally, we review restitution orders using an abuse of discretion standard.  *State v. Blay*, 10th Dist. No. 11AP-245, 2012-Ohio-62, ¶ 6, citing *State v. Simmons*, 8th Dist. No. 96208, 2011-Ohio-6074, ¶ 66, citing *State v. Mobley-Melbar*, 8th Dist. No. 92314, 2010-Ohio-3177, ¶ 37.  However, when a trial court is asked to determine to whom restitution can be awarded, we apply a de novo standard of review.  *State v. Christian*, 2d Dist. No. 25256, 2014-Ohio-2672, ¶ 110; *State v. Johnson*, 2d Dist. No. 24288, 2012-Ohio-1230, ¶ 11; State *v. Vancleef*, 10th Dist. No. 13AP-703, 2014-Ohio-2144, ¶ 6 ("Statutory interpretation is a question of law that we review de novo."); *State v. Willig*, 10th Dist. No. 09AP-925, 2010-Ohio-2560, ¶ 14, quoting *McGeehan v. State Bur. of Workers' Comp.*, 10th Dist. No. 00AP-648 (Dec. 28, 2000), quoting *State v. Sufronko*, 105 Ohio App.3d 504, 506 (4th Dist.1995) (" 'When an appellate court is called upon to review a trial court's interpretation and application of a statute, the "appellate court conducts a de novo review, without deference to the trial court's determination." ' ").

{¶ 6}   R.C. 2929.18(A)(1) authorizes a trial court to impose restitution in order to compensate for a victim's economic loss.  "If the court imposes restitution, the court *shall order* that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court."  (Emphasis added.)  R.C. 2929.18(A)(1).  In other words, there are four possible payees to whom the trial court may order restitution be paid under R.C. 2929.18(A)(1): (1) the victim or survivor of the victim, (2) the

adult probation department that serves the county on behalf of the victim, (3) the clerk of courts, or (4) another agency designated by the court. *State v. Bartholomew*, 119 Ohio St.3d 359, 2008-Ohio-4080, ¶ 11; *State v. Colon*, 185 Ohio App.3d 671, 2010-Ohio-492, ¶ 5 (2d Dist.); *State v. Wilson*, 2d Dist. No. 23167, 2010-Ohio-109, ¶ 20.

{¶ 7} The state maintains that the insurance company constitutes a victim in this matter because the company suffered harm when it paid for the damage appellant caused to its insured's vehicle. We note the record before this court does not establish the insurance company in fact paid any amount of money in this case. In any event, we acknowledge there may be instances when an insurance company is the victim of a crime. However, we reject the notion that an insurance company becomes a victim simply because, pursuant to a contract, the company agreed to and in fact reimbursed its insured for losses caused by criminal conduct. *See Colon* at ¶ 6 (finding homeowner's insurer was not a victim of aggravated arson for purposes of R.C. 2929.18(A)(1) even though it paid for repairs to its insured's home); *State v. Stover*, 9th Dist. No. 13CA0035, 2014-Ohio-2572, ¶ 31-32 (finding vehicle owner's insurer was not a victim under R.C. 2929.18(A)(1)).[1]

{¶ 8} The state does not contend the insurance company qualifies as any of the other payees listed under R.C. 2929.18(A)(1). For instance, the state does claim an insurance company is an agency designated by the court. Nonetheless, the state argues restitution to an insurer is not expressly prohibited by R.C. 2929.18(A)(1), and trial courts have discretion to order restitution to a third-party payee such as the insurance company in this case. The state relies on *Bartholomew* and *State v. Burns*, 6th Dist. No. L-11-1192, 2012-Ohio-4191, to support its position.

{¶ 9} However, R.C. 2929.18(A)(1) plainly states that "[i]f the court imposes restitution, the court *shall order* that the restitution be made" to one of the four categories of payees. (Emphasis added.) Such language leaves no room for payment of restitution pursuant to R.C. 2929.18(A)(1) to an entity that does not fit one of the enumerated categories. *See State v. Christman*, 12th Dist. No. CA2009-03-007, 2009-Ohio-6555, ¶ 18

---

[1] Even if the insurance company could be considered a "victim" under these circumstances, we question whether its losses, which were contractually bargained for, would qualify as an economic loss, i.e., an economic detriment suffered by a victim as a *direct and proximate result* of the commission of an offense, for purposes of R.C. 2929.18(A)(1). *See* R.C. 2929.01(L).

("[T]he current version of R.C. 2929.18(A)(1) does not authorize restitution to third parties other than those enumerated in the statute. * * * A state reparations fund, for example, is a permissible agency designated by the trial court that may receive restitution. * * * A private insurance company is not.").

{¶ 10} The Supreme Court of Ohio's decision in *Bartholomew* does not compel a different conclusion.  In that case, the defendant pled guilty to one count of rape of a minor under 13 years of age.  *Id.* at ¶ 2.  The trial court ordered the defendant to pay restitution to the Ohio reparations fund,[2] which had reimbursed the victim for counseling expenses.  *Id.* at ¶ 2, 4.  The Third District reversed the restitution order.  *Id.* at ¶ 3.  However, the Supreme Court reversed the judgment of the Third District.  *Id.* at ¶ 17.

{¶ 11} The Supreme Court recognized R.C. 2929.18(A)(1) contains "four possible payees for whose benefit a trial court may order that restitution be paid."  *Id.* at ¶ 11.  The Supreme Court characterized the issue before it as whether the reparations fund fit into the fourth category of payees, i.e., whether it was an " 'agency designed by the court.' "  *Id.* at ¶ 9, quoting R.C. 2929.18(A)(1).  The Supreme Court found the reparations fund was such an agency.  *Id.*  Contrary to what the state suggests, the Supreme Court did not find a trial court has discretion to order a defendant to pay restitution under R.C. 2929.18(A)(1) to a third party that does not fit into one of the enumerated categories of payees.  That issue was not before the Supreme Court.  Rather, the issue before the Supreme Court was whether the reparations fund fit into one of the specifically designated payee categories under R.C. 2929.18(A) such that the trial court could, in its discretion, order restitution be paid to the fund.  *See id.* at ¶ 14 (Noting that a trial court, under the current version of R.C. 2929.18(A), "retains the discretion to order that restitution *be paid to certain third parties, namely, an adult probation department, the clerk of courts, or another agency designed by the court.*" (Emphasis added.)).

{¶ 12} In *Burns*, the defendant was indicted for his actions as business manager of a school district, which resulted in the theft of approximately $650,000 from the school district.  *Id.* at ¶ 2. As part of a plea agreement, the defendant agreed to pay an amount of restitution to be determined by the probation department.  *Id.* at ¶ 3. At the sentencing

---

[2] The order actually referred to "the Attorney General's Victims of Crime [fund]," but the Supreme Court interpreted this language as a reference to the Ohio reparations fund.  *Bartholomew* at ¶ 4.

hearing, the trial court ordered the defendant to pay restitution to three entities, including two insurance companies that made disbursements to the school district after the theft. *Id.* at ¶ 4. The defendant did not object to the restitution order at the time of sentencing. *Id.* On appeal, the defendant argued an order of restitution to the insurance companies was contrary to law. *Id.* at ¶ 8. The state maintained the defendant's argument was barred by R.C. 2953.08(D)(1) because the order of restitution was jointly recommended. *Id.* The Sixth District agreed with the state's position. *Id.*

{¶ 13} Under R.C. 2953.08(D)(1), a defendant may not appeal a sentence that is contrary to law if (1) he and the state agreed to the sentence, (2) the trial court imposed the agreed sentence, and (3) the sentence is authorized by law. *Id.* at ¶ 9; *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 16. In *Burns*, the Sixth District found each of these requirements had been satisfied. Regarding whether the sentence was authorized by law, the Sixth District found that "although the sentence may be contrary to law in that it orders restitution to the insurance companies, it is nonetheless authorized by law because it complies with applicable mandatory sentencing provisions." *Id.* at ¶ 14. The court reasoned the restitution order was authorized by law, in part, because R.C. 2929.18(A)(1) did not contain a mandatory prohibition against restitution to third parties and other courts had approved of restitution orders to third parties when part of a negotiated plea agreement. *Id.* at ¶ 20.

{¶ 14} However, in this case appellant did not agree to the restitution order, so R.C. 2953.08(D)(1) is not applicable. Therefore, the state's reliance on the *Burns* court's interpretation of the phrase "authorized by law" in that statute is misplaced.

{¶ 15} For the foregoing reasons, we find the trial court erred in this case by ordering appellant to pay restitution to the insurance company.

{¶ 16} The state asks that, if we find error, we remand this matter with instructions to the trial court to order appellant to pay restitution to the owner of the stolen vehicle for the full amount of the cost of the damage to his vehicle, including the owner's out-of-pocket expenses and the amount paid by his insurance company. The state cites no authority in support of its request. More importantly, the only issue before this court for consideration is whether the trial court erred when it ordered appellant to pay restitution

to the insurance company—not whether the trial court should order restitution to the owner or for what amount of loss.

{¶ 17} For these reasons, appellant's assignment of error is sustained.

## IV. CONCLUSION

{¶ 18} Having sustained appellant's assignment of error, we reverse the portion of the judgment imposing restitution to the stolen vehicle owner's insurance company. Because appellant does not otherwise challenge his conviction or the remainder of his sentence, we affirm those portions of the court's judgment. We remand this case to the Franklin County Court of Common Pleas for further proceedings consistent with this decision.

*Judgment affirmed in part;*
*reversed in part; and cause remanded.*

KLATT and DORRIAN, JJ., concur.

———————————