[Cite as *State v. Harris*, 2015-Ohio-4412.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                            Court of Appeals No. WD-14-069

    Appellee                                        Trial Court No. 2014-CR-0047

v.

Gregory Michael Harris, Jr.                      **DECISION AND JUDGMENT**

    Appellant                                       Decided:  October 23, 2015

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney,
Gwen K. Howe-Gebers and David T. Harold, Assistant
Prosecuting Attorneys, for appellee.

Eric Allen Marks, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Gregory Michael Harris, Jr., appeals from the September 2, 2014 judgment of the Wood County Court of Common Pleas convicting him of attempted engaging in a pattern of corrupt activity and theft and sentencing him to imprisonment and ordering him to pay restitution.  For the reasons which follow, we reverse the sentencing judgment in part.

**{¶ 2}** On appeal, appellant asserts a single assignment of error:

THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY $81,083.00 IN RESTITUTION TO THIRD PARTY FINANCIAL INSTITUTIONS

**{¶ 3}** Appellant was named along with other individuals or corporations who were allegedly participating in a criminal enterprise from November 2011 to May 2013, which involved in part the skimming of credit cards and using cloned cards to purchase goods from retailers. On June 4, 2014, the court accepted appellant's guilty plea to amended charges of attempted engaging in a pattern of corrupt activity, a violation of R.C. 2923.02 and 2923.32(B)(1). Appellant also entered a plea to amended charges based on incidents Nos. 18 and 19, which are both theft offenses in violation of R.C. 2913.02(A)(1), when appellant purchased goods using the cloned credit cards. The victim was named in the indictment as the true owner of the credit card information. The victim's bank reimbursed the victim for the loss.

**{¶ 4}** Appellant was sentenced on September 2, 2014, to a term of imprisonment and the court further ordered appellant to pay restitution, jointly and severally, in the approximate amount of $81,083. Appellant objected to the restitution being joint and several rather than pro rata.

**{¶ 5}** Appellant sought an appeal to this court on September 22, 2014. A nunc pro tunc entry was journalized on November 7, 2014, ordering appellant to pay restitution, jointly and severally, in the amount of $81,083 to the Wood County Clerk of Court who

2.

shall disburse said funds as follows:  5/3 Bank—$44,516; Citi—$3,228.19; PNC—$7,737.58; Woodforest Bank—$8,853.28; First Federal Bank—$3,145.75; Discover—$5,130.14; and Key Bank—$8,472.08.  Appellant filed an appeal from this judgment as well.

{¶ 6} In his sole assignment of error, appellant argues that the trial court erred in ordering him to pay restitution to third-party financial institutions because they were not crime "victims" referenced in the statute authorizing the court to issue a restitution judgment.

{¶ 7} R.C. 2929.18(A)(1) provides that the court imposing a sentence upon an offender for a felony may sentence the defendant to pay restitution

to the victim of the offender's crime * * *, in an amount based on the victim's economic loss. * * * If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender.  If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.  If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor

3.

disputes the amount.  All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.

**{¶ 8}** The question of who constitutes a "victim" under the statute is a question of law that is reviewed de novo.  *State v. Hunter*, 2d Dist. Montgomery No. 25521, 2013-Ohio-3759, ¶ 7.  A "victim" is defined by R.C. 2930.01(H)(1) as

[a] person who is identified as the victim of a crime or specified delinquent act in a police report or in a complaint, indictment, or information that charges the commission of a crime and that provides the basis for the criminal prosecution or delinquency proceeding and subsequent proceedings to which this chapter makes reference.

Therefore, the victim is only the person named in the indictment as the victim.  *Hunter*. If the named victim has been reimbursed, he has not suffered an economic loss and, therefore, is not entitled to reimbursement.  *State v. Crum*, 5th Dist. Delaware No. 12 CAA 08 0056, 2013-Ohio-903, ¶ 12.  Furthermore, a bank which reimburses a customer/victim is not a "victim" of the crime and, therefore, the trial court cannot require restitution to be paid to the bank.  *Id*.; *State v. Stump*, 4th Dist. Athens No. 13CA10, 2014-Ohio-1487, ¶ 12; *State v. Kiser*, 2d Dist. Montgomery No. 24419, 2011-Ohio-5551, ¶ 16; *State v. Dull*, 3d Dist. Seneca No. 13-12-33, 2013-Ohio-1395, ¶ 11; and *State v. Kelley*, 4th Dist. Pickaway Nos. 10CA28 and 10CA29, 2011-Ohio-4902, ¶ 7. However, if the defendant agreed to pay the third party restitution as part of his plea

4.

agreement, that agreement is enforceable. *State v. Johnson*, 2d Dist. Montgomery No. 24288, 2012-Ohio-1230, ¶ 14, and *State v. Burns*, 2012-Ohio-4191, 976 N.E.2d 969, ¶ 20 (6th Dist.)

{¶ 9} The state argues, however, that the Ohio Supreme Court has held that restitution can be made to a third party, citing *State v. Bartholomew*, 119 Ohio St.3d 359, 363, 2008-Ohio-4080, 894 N.E.2d 307. We disagree. The Bartholomew case involved an order of restitution to the "Attorney General's Victims of Crime" fund for reimbursement to the victim for counseling expenses. The court found that the fund was a state "agency designated by the court" and therefore was an eligible recipient for the payment of restitution under R.C. 2929.18(A). We conclude that the holding does not support the state's argument that a court may order restitution to be paid to an insurance company because it is not an agency of the state. Our conclusion is supported by *State v. Aguirre*, Slip Opinion No. 2014-Ohio-4603, ¶ 1 (wherein the court stated in dicta that "after June 1, 2004, '[a] court may not order a defendant to pay restitution to a victim's insurance company'") and *State v. Moyer*, 2d Dist. Montgomery No. 24415, 2011-Ohio-5206, ¶ 11.

{¶ 10} Alternatively, the state argues that the trial court could award restitution in the sentencing judgment because payment of restitution to an insurer was a part of the "firmament surrounding the plea." We reject this argument as well because the payment of restitution was not specifically included in the plea agreement. R.C. 2929.18(A)(1) does not restrict the parties from entering into an agreement to pay restitution that is not

5.

provided for in the statute. *State v. Williams*, 6th Dist. Sandusky No. S-13-007, 2013-Ohio-4838, ¶ 8 (if there had been an agreement, the court could have awarded restitution); *Burns, supra; Johnson, supra* (defendant not only "orally agreed to pay restitution to * * * a known third-party claimant, but also acquiesced to the inclusion of the restitution agreement in the plea form"); and *State v. Stewart*, 3d Dist. Wyandot No. 16-08-11, 2008-Ohio-5823, ¶ 13 ( "[b]y agreeing to the restitution award in exchange for pleading guilty, he received the benefit of his bargain," a reduced sentence).

{¶ 11} In the case before us, the parties did not include the payment of restitution to the insurer as a condition of the plea agreement. While the court stated that the payment of restitution could be ordered, neither the court nor the prosecution stated that restitution was required as the result of a plea.

{¶ 12} Therefore, we find appellant's sole assignment of error well-taken.

{¶ 13} Having found that the trial court did commit error prejudicial to appellant, the judgment of the Wood County Court of Common Pleas is reversed, in part. That portion of the sentencing judgment which imposed restitution to be paid to the insurers is void. Appellee is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment reversed, in part.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                JUDGE

Arlene Singer, J.

                                 _____
Thomas J. Osowik, J.                            JUDGE
CONCUR.

                                 _____
                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.

7.