[Cite as *State v. Maurer*, 2016-Ohio-1380.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 103162

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBBIE MAURER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED; REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-09-525017-A

**BEFORE:** Kilbane, J., Keough, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 31, 2016

**ATTORNEY FOR APPELLANT**

Erin R. Flanagan
Erin R. Flanagan, Esq., Ltd.
75 Public Square
Suite 1325
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Khalilah A. Lawson
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, Robbie Maurer ("Maurer"), appeals from the judgment of the trial court ordering payment of restitution and costs. Having reviewed the record and the controlling case law, we affirm the judgment of the trial court; however, we remand this matter for correction of the journal entry nunc pro tunc to reflect the sentence announced during the sentencing hearing.

**{¶2}** On June 12, 2009, Maurer was indicted in a 12-count indictment in connection with allegations that he stole his former roommate's credit cards and made unauthorized purchases. Counts 1-4 charged Maurer with fourth-degree felony theft, in violation of R.C. 2913.02(A)(1). Counts 5-8 charged Maurer with forgery, a fifth-degree felony, in violation of R.C. 2913.31(A). Counts 9 and 10 charged him with receiving stolen property, a felony of the fifth degree, in violation of R.C. 2913.51(A). Counts 11 and 12 charged him with identity fraud, a fifth-degree felony, in violation of R.C. 2913.49(B)(1).

**{¶3}** On November 4, 2009, Maurer entered into a plea agreement with the state. He pled guilty to Count 1 (theft), Count 5 (forgery), and Count 11 (identity fraud), and the state dismissed the remaining charges. The court inquired about restitution, and the prosecuting attorney stated that documentation of the exact amount would be provided at the sentencing hearing. The court then stated:

> THE COURT: And of course — how much — do you have an estimation of what the restitution would be here?
>
> THE DEFENDANT: I am guessing in my head, under a thousand dollars.

THE COURT: Well, whatever it is, we'll get the figure, [and it] will be part of this order; do you understand?

THE DEFENDANT: Yes, your Honor.

{¶4} The journal entry issued on this date likewise indicates that Maurer pled guilty to theft as charged in Count 1, forgery as charged in Count 5, and identity fraud as charged in Count 11. The journal entry pertaining to the plea further states "restitution to be paid to Chase Bank and Citi Bank."

{¶5} Maurer was instructed to appear for a presentence investigation interview on December 7, 2009, but he failed to do so, and also he failed to appear for sentencing on December 9, 2009. Sentencing was rescheduled for January 12, 2010, but Maurer again failed to appear. Over five years later, in March 2015, Maurer was a passenger in a vehicle that was stopped for a traffic offense in Arizona. A routine check for outstanding warrants revealed that a capias had been issued for Maurer in Cuyahoga County. Subsequently, he was extradited from Arizona to Cuyahoga County approximately two weeks later.

{¶6} The trial court then held a sentencing hearing on May 12, 2015. The trial court reviewed the presentence investigation report, noted that Maurer had made $391 in unauthorized credit card charges, and that the cost of extradition from Arizona was $1,959.35. The prosecuting attorney stated:

So in regards to restitution, the State would ask that restitution be paid to

the credit cards as stated in the previous sentencing — or plea in the amount

of $391.54. The State is also asking for extradition costs in the amount of $1,959.35. I did contact the victim. I have not heard back from him in regards to the restitution amount to determine what amount of that money goes to either Chase or Citibank. That was not made clear by any reports. I just want to make that note.

**{¶7}** The court then stated:

I am going to find that you owe restitution in the amount of $391.54. Those have been documented to my satisfaction that they relate to the credit card debt. That amount will be paid to the probation department for the benefit of *Chase Bank and Citibank*, and that amount applies in the aggregate to both the victims. * * *

The purpose of the probation is to take care of the restitution amount, and also I'm going to order extradition costs. I don't think the State of Ohio or the county prosecutor should pay nearly $2,000 because you didn't take the time or exercise sufficient effort to resolve this issue at the time. So, in addition to the restitution amount, the extradition costs will be paid at $1,959.35.

In addition, you're going to pay costs and fees, supervision fees, and the cost of this case. I'm giving you three years to pay that, and I expect you to do that on a regular basis based on a payment plan that you can set up with the probation department in Phoenix once this is arranged, or you may have to arrange that here before you go down. You can talk to the probation department about doing that.

I understand the financial difficulties that you're in presently, but three years would seem to be a sufficient amount of time to pay[.]

(Emphasis added.)

**{¶8}** The trial court did not order Maurer to serve an additional term of incarceration; rather, it imposed a jail term of 53 days, the time he had already served, plus three years of community control sanctions. The trial court noted, however, that

Maurer was now living in Arizona and it graciously permitted Maurer to serve his term of probation in Arizona.

{¶9} The court's sentencing entry provided:

[On] Counts 1, 5, [and] 11, 3 years ccs — concurrent to each other. 53 days in jail as credit for time served. Defendant to receive jail time credit for 53 day(s) to date. The court finds that a community control sanction will adequately protect the public and will not demean the seriousness of the offense. It is therefore ordered that the defendant is sentenced to 3 year(s) of community control, under supervision of the Adult Probation Department * * * [.] This Defendant lives in Arizona. * * * Court allows the Defendant to return to Phoenix, Arizona, his residence. It is not necessary but if it becomes so, this Court orders the Probation Department to transfer this case to Phoenix for probation, if accepted. The purpose of probation is to repay the amounts stated in this journal entry. * * * Restitution ordered in the amount of $1,959.35 to Chase Bank and Citibank, payable through the Probation Department.

{¶10} Maurer now appeals, assigning the following three errors for our review:

### Assignment of Error One

The sentencing court erred to Mr. Maurer's prejudice by requiring a restitution amount unsupported by any documentary evidence.

### Assignment of Error Two

The sentencing court erred to Mr. Maurer's prejudice by ordering restitution to an unknown third party after it had been established that the alleged

victim had received full reimbursement from the victim's credit card companies.

Assignment of Error Three

The sentencing court erred to Mr. Maurer's prejudice by ordering reimbursement of extradition costs to the State of Ohio or the county prosecutor.

Restitution Amount

**{¶11}** In his first assignment of error, Maurer argues that the court did not adequately establish the amount of restitution to a reasonable degree of certainty. In opposition, the state argues that this issue has been waived for all but plain error and that the trial court did not abuse its discretion.

**{¶12}** We review of a trial court's order of restitution for an abuse of discretion. *State v. Williams*, 8th Dist. Cuyahoga Nos. 102220, 102221, 102222, and 102223, 2015-Ohio-2522, ¶ 12, citing *State v. Milenius*, 8th Dist. Cuyahoga No. 100407, 2014-Ohio-3585, ¶ 10, and *State v. Marbury*, 104 Ohio App.3d 179, 661 N.E.2d 271 (8th Dist.1995). As noted by the Ohio Supreme Court, in *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, ¶ 24:

A trial court has discretion to order restitution in an appropriate case and may base the amount it orders on a recommendation of the victim * * * but the amount ordered cannot be greater than the amount of economic loss suffered as a direct and proximate result of the commission of the offense.

**{¶13}** Restitution is governed by R.C. 2929.18(A), which states in part as follows:

Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(A)(1)   Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss.   If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, *or to another agency designated by the court*.   If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender.   If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.   If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.   All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.

(Emphasis added.)

{¶14} Pursuant to R.C. 2929.01(L), "economic loss" means

any economic detriment suffered by a victim as a direct and proximate

result of the commission of an offense and includes any loss of income due

to lost time at work because of any injury caused to the victim, and any

property loss, medical cost, or funeral expense incurred as a result of the

commission of the offense.

{¶15} In this matter, the prosecuting attorney informed the trial court that the

restitution amounts were $255.29 and $136.25, or a total of $391.54 in unauthorized

purchases from the roommate's credit cards.   During sentencing, Maurer's counsel

conceded that "we believe that the first two numbers given by the prosecutor are accurate, since they relate to the credit card purchases that my client made." Maurer himself conceded that the restitution amount would be less than one thousand dollars. At no point did Maurer dispute the amount or request a hearing. Therefore, we find no plain error in the trial court's conclusion at the sentencing hearing that Maurer must pay restitution in the amount of $391.54 for the unauthorized use of the credit cards. Therefore, the first assignment of error is without merit.

{¶16} We note, however, that in its sentencing entry, the court stated, "restitution ordered in the amount of $1,959.35 to Chase Bank and Citibank, payable through the Probation Department." The court's sentencing entry does not conform to the court's statement during the hearing that Maurer was required to pay $391.54 to Chase and Citibank and also pay $1,959.35 in extradition costs. The entry lists the extradition cost of $1,959.35 as the "restitution" amount without listing the $391.54 to be paid to the banks. Because of this discrepancy, the matter must be remanded for a nunc pro tunc correction of the entry to conform to the sentence announced at the sentencing hearing.

Restitution to Banks

{¶17} In his second assignment of error, Maurer argues that the trial court erred in ordering restitution to the banks that issued the victim's credit cards. Maurer notes that under *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, "sentencing is a creature of the legislature [so] * * * courts are limited to imposing

sentences that are authorized by statute[.]" Therefore, Maurer contends that because the banks are not "victims" within the meaning of R.C. 2929.18, restitution to the banks is erroneous.

{¶18} The question of who constitutes a "victim" under the statute is a question of law that is reviewed de novo. *State v. Hunter*, 2d Dist. Montgomery No. 25521, 2013-Ohio-3759, ¶ 7; *State v. Harris*, 6th Dist. Wood No. WD-14-069, 2015-Ohio-4412, ¶ 8. However, because of the absence of an objection below, we review the instant matter for plain error.

{¶19} A "victim" is defined by R.C. 2930.01(H)(1) as "[a] person who is identified as the victim of a crime or specified delinquent act in a police report or in a complaint, indictment, or information that charges the commission of a crime and that provides the basis for the criminal prosecution[.]"

{¶20} Prior to 2004, R.C. 2929.18 provided that "restitution * * * may include a requirement that reimbursement be made to third parties for amounts paid to or on behalf of the victim * * * for economic loss resulting from the offense." Following amendments in 2004, R.C. 2929.18 now provides in relevant part as follows:

(A) Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that

serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court.

**{¶21}** Applying the pre-2004 language, the Ohio Supreme Court in *State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, held that former R.C. 2929.18(A)(1) authorized trial courts to exercise discretion when imposing financial sanctions on a defendant and permitted those sanctions to include reimbursement to third parties for amounts paid on behalf of a victim. The *Kreischer* court additionally stated that the 2004 amendments to R.C. 2929.18(A)(1) "delet[ed] all references to restitution for third parties." *Id*. at ¶ 1.

**{¶22}** In light of the 2004 changes to R.C. 2929.18, numerous courts have concluded that where a bank's customer is the named victim of a crime, and the bank reimburses that customer, the bank is not a "victim" of the crime. *State v. Crum*, 5th Dist. Delaware No. 12 CAA 08 0056, 2013-Ohio-903, ¶ 12; *State v. Stump*, 4th Dist. Athens No. 13CA10, 2014-Ohio-1487, ¶ 12; *State v. Kiser*, 2d Dist. Montgomery No. 24419, 2011-Ohio-5551, ¶ 16; *State v. Dull*, 3d Dist. Seneca No. 13-12-33, 2013-Ohio-1395, ¶ 11; *State v. Kelly*, 4th Dist. Pickaway Nos. 10CA28 and 10CA29, 2011-Ohio-4902, ¶ 7.

**{¶23}** However, in *State v. Bartholomew*, 119 Ohio St.3d 359, 2008-Ohio-4080, 894 N.E.2d 307, syllabus, the Ohio Supreme Court held that R.C. 2929.18(A)(1) permits a trial court to order a criminal defendant to pay restitution to Ohio's reparations fund, since the fund is a permissible "agency designated by the court" under R.C.

2929.18(A)(1). In so concluding, the Ohio Supreme Court rejected the notion that "trial courts no longer have the authority to order that restitution be paid to anyone other than the victim or a survivor of the victim," since "amendments to R.C. 2929.18(A)(1) did not eliminate all third-party payees." *Id*. at 362. The court also stated that "it is beyond cavil that the purpose of R.C. 2929.18(A)(1) is to require the offender to reimburse the victim — or whatever entity paid the victim — for the economic loss caused by the crime." *Id*. at 361. The *Bartholomew* court clarified its holding in *Kreischer,* and stated:

> [W]e were perhaps not as precise as we should have been. The amendments to R.C. 2929.18(A)(1) did not eliminate all third-party payees. [A] trial court under the current version of R.C. 2929.18(A)(1) retains the discretion to order that restitution be paid to certain third parties, namely, an adult probation department, the clerk of courts, or another agency designated by the court.
>
> * * * [R.C. 2929.18 was modified by clarifying that] restitution is discretionary and repealing the language that pertains to the restitution order requiring that reimbursement be made to third parties, including governmental agencies or persons other than governmental agencies, for amounts paid to or on behalf of the victim or any survivor of the victim for economic loss[.]

**{¶24}** Therefore, the *Bartholomew* court concluded,

> [I]t is clear that the General Assembly intended to eliminate any perception that restitution to third parties was mandatory. If the General Assembly had truly intended that restitution could be paid only to a victim, it would have eliminated adult probation departments, clerks of courts, and other agencies as designated by the court as possible payees.

**{¶25}** Moreover, R.C. 2929.18(A)(1) does not specifically restrict the parties from agreeing to an award of restitution that is not provided for in the statute. *State v.*

*Johnson*, 2d Dist. Montgomery No. 24288, 2012-Ohio-1230, ¶ 14, citing *State v. Stewart*, 3d Dist. Allen No. 16-08-11, 2008-Ohio-5823.   Consequently, where a defendant orally agrees to pay restitution to a known third-party claimant, and also acquiesces to the inclusion of the restitution agreement in the plea, then this agreement is enforceable. *Johnson* at ¶ 15 ("R.C. 2929.18(A)(1) does not prohibit an award of restitution to an insurance company when the award is made pursuant to the express plea agreement between the state and the defendant."); *State v. Burns*, 2012-Ohio-4191, 976 N.E.2d 969, ¶ 20 (6th Dist.) (restitution award to insurance companies is not contrary to any existing provision in the R.C. 2929.18).   *Id.*   In accordance with this principle, where a bank reimburses a customer–victim but the bank is not named in the indictment, it is not a "victim" under R.C. 2929.18(A)(1).   *State v. Harris*, 6th Dist. Wood No. WD-14-069, 2015-Ohio-4412, ¶ 8.   However, if the defendant agreed to pay the third-party restitution as part of his plea agreement, that agreement is enforceable.   *Id.* at ¶ 8.

{¶26} In this matter, the person named in the indictment as the victim is Maurer's roommate, not Chase Bank or Citibank.   We note, however, that during the plea proceedings, Maurer agreed that once the fraud amount was determined by the banks, this amount would be included within the court's restitution order.   Maurer's counsel conceded the amounts and raised no objection.   In addition, the journal entry for the plea indicates that "restitution is to be paid to Chase Bank and Citi Bank."   Therefore, we find no plain error.   The second assignment of error is without merit.

**{¶27}** Nonetheless, as explained in our analysis of the first assignment of error, the matter must be remanded for correction of the journal entry nunc pro tunc to reflect the sentence announced during the sentencing hearing.

### Restitution For Extradition Costs

**{¶28}** In his third assignment of error, Maurer argues that the trial court erred in ordering him to pay the cost of his extradition from Arizona to Cuyahoga County.

**{¶29}** With certain exceptions, such as embezzlement of public funds, vandalism, or destruction of governmental property, governmental agencies have not been found to constitute "victims" entitled to restitution for their efforts to fight crime using public funds. *State v. Toler*, 174 Ohio App.3d 335, 2007-Ohio-6967, 882 N.E.2d 28, ¶ 12 (3d Dist.); *State v. Ham*, 3d Dist. Wyandot No. 16-09-01, 2009-Ohio-3822, ¶ 48. We note, however, that R.C. 2949.14 sets forth the procedure for collection of extradition costs from felony offenders, through payment to the clerk of courts as costs, stating:

> Upon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify under the clerk's hand and seal of the court, a complete itemized bill of the costs made in such prosecution, including the sum paid by the board of county commissioners, certified by the county auditor, for the arrest and return of the person on the requisition of the governor, or on the request of the governor to the president of the United States, or on the return of the fugitive by a designated agent pursuant

to a waiver of extradition except in cases of parole violation. The clerk shall attempt to collect the costs from the person convicted.

**{¶30}** In addition, under R.C. 2947.23(A)(1) and 2949.14, a trial court is routinely permitted to impose the cost of extradition upon nonindigent felony defendants. *State v. Jones*, 2d Dist. Montgomery No. 25316, 2013-Ohio-1925, ¶ 15.

**{¶31}** At sentencing in this matter, the court stated:

> The purpose of the probation is to take care of the restitution amount, and also I'm going to order extradition costs. I don't think the State of Ohio or the county prosecutor should pay nearly $2,000 because you didn't take the time or exercise sufficient effort to resolve this issue at the time. So, in addition to the restitution amount, the extradition costs will be paid at $1,959.35.

**{¶32}** The court's sentencing order included the extradition amount of $1,959.35, but it listed the amount as "restitution ordered in the amount of $1,959.35 to Chase Bank and Citibank, payable through the Probation Department."

**{¶33}** Therefore, we affirm the judgment of the trial court; however, we remand this matter for correction of the journal entry nunc pro tunc to reflect the sentence announced during the sentencing hearing.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
SEAN C. GALLAGHER, J., CONCUR