[Cite as *State v. Ping*, 2019-Ohio-2458.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-612 |
| v. | : | (C.P.C. No. 17CR-5103) |
| Brandon Ping, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 20, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Yeura Venters*, Public Defender, and *Robert D. Essex*, for appellant. **Argued:** *Robert D. Essex.*

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Defendant-appellant, Brandon Ping, appeals the portion of the judgment and sentence of the Franklin County Court of Common Pleas that imposed restitution to Chase Bank. Because Chase Bank is not a victim of appellant's offense under R.C. 2929.18(A)(1), we reverse.

**FACTS AND PROCEDURAL HISTORY**

{¶ 2} A Franklin County Grand Jury indicted appellant with one count of receiving stolen property, a felony of the fifth degree. The indictment alleged in relevant part that on or about April 12, 2017, appellant received, retained, or disposed of a credit card, the property of Kelly Ireland, knowing or having reasonable cause to believe that the property had been obtained through the commission of a theft offense and that the property involved was a credit card.

{¶ 3} Appellant pled not guilty and the case proceeded to a jury trial. At trial, it was undisputed that appellant went to a retail establishment and purchased a bottle of e-liquid (liquid that goes into a vaping pen) for $32.25 after tax. Appellant made this purchase with a credit card belonging to Ireland. Appellant testified he was given the card by a friend named Sebastian Kral and that he never looked at the card. He further testified he did not know or have reasonable cause to know the card was obtained through a theft offense. Apparently, Chase Bank credited the cardholder's account and bore the loss of appellant's conduct.

{¶ 4} The jury returned a guilty verdict. At the sentencing hearing, the trial court imposed (1) two years of community control with basic supervision; (2) six additional days in the Franklin County Jail; (3) court costs; and (4) restitution to Chase Bank in the amount of $32.25.

{¶ 5} Appellant appeals, assigning the following error:

> The trial court erred in ordering restitution to Chase Bank as they were not a "victim" under R.C. 2929.18.

**LEGAL ANALYSIS**

{¶ 6} In his sole assignment of error, appellant argues the trial court erred when it ordered him to pay restitution to Chase Bank because Chase Bank was not the victim of his offense under R.C. 2929.18(A)(1). Appellant points out that the indictment alleged that he received the property (credit card) of Ireland. Appellant contends that, although Chase Bank is a third-party who ultimately suffered a financial loss, it nevertheless was not the victim of his offense. Based upon this court's recent decision in *State v. Allen*, 10th Dist. No. 17AP-296, 2018-Ohio-1529, we agree.

{¶ 7} "[W]hen the issue is to whom restitution can be awarded, we apply a de novo standard of review." *Id.* at ¶ 11, citing *State v. Johnson*, 10th Dist. No. 14AP-336, 2014-Ohio-4826, ¶ 5.

{¶ 8} R.C. 2929.18(A)(1) authorizes a trial court to impose restitution as follows:

> (A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a

fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.

{¶ 9} The above-quoted statutory provision indicates that a trial court can order restitution to four possible payees: the victim, the adult probation department that serves the county on behalf of the victim, the clerk of courts, or another agency designated by the court. The restitution order cannot exceed the victim's economic loss. "Economic loss" is "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense * * *." R.C. 2929.01(L); *Allen* at ¶ 13. Because a bank is not an adult probation department, clerk of court, or another agency designated by the court, the trial court could only order appellant to pay Chase Bank restitution if it was a "victim" of his offense.

{¶ 10} R.C. 2929.18 does not define "victim." " 'The Ohio Revised Code contains a number of different definitions for "victim" at various junctures in the Code, but at no point is there promulgated a generally applicable definition that applies to the entire Revised

Code or even to the state's criminal code, found in Title 29.' " *Allen* at ¶ 14, quoting *State v. Orms*, 10th Dist. No. 14AP-750, 2015-Ohio-2870, ¶ 15.[1]

{¶ 11} As we noted in *Allen*, the majority of appellate courts have concluded that a bank that reimburses its customer for this type of financial loss is not a victim for purposes of R.C. 2929.18, and therefore, cannot be awarded restitution from a defendant.  *Allen* at ¶ 16, citing *Harris* at ¶ 8; *State v. Crum*, 5th Dist. No. 12 CAA 08 0056, 2013-Ohio-903, ¶ 12; *State v. Stump*, 4th Dist. No. 13CA10, 2014-Ohio-1487, ¶ 12; *State v. Kaiser*, 2d Dist. No. 24419, 2011-Ohio-5551, ¶ 16.[2]  This court in *Allen* expressly agreed with these appellate decisions.  Although recognizing that a third-party bank that reimburses a customer for a financial loss due to forgery or credit card fraud has suffered an economic loss, the court in *Allen* found that the third-party bank is not a victim of the offense.  Therefore, a trial court cannot order a defendant to pay restitution to such a third-party bank under R.C. 2929.18. *Allen*.

{¶ 12} The state acknowledges that *Allen* is controlling authority on the issue presented in this case and, based on that decision, we should reverse the order of the trial court to eliminate the restitution order.  We agree that *Allen* supports this result.  Therefore, we sustain appellant's sole assignment of error.

{¶ 13} For the foregoing reasons, we reverse the judgment of the Franklin County Court of Common Pleas and vacate that portion of the judgment that orders appellant to pay restitution to Chase Bank.

*Judgment reversed; restitution order vacated.*

SADLER and LUPER SCHUSTER, JJ., concur.

————————

[1] Some Ohio courts have relied on R.C. 2930.01(H)(1) to determine who qualifies as a victim for purposes of restitution. *See, e.g.*, *State v. Thornton*, 1st Dist. No. C160501, 2017-Ohio-4037, ¶ 15; *State v. Hunter*, 2d Dist. No. 25521, 2013-Ohio-3759; *State v. Harris*, 6th Dist. No. WD-14-069, 2015-Ohio-4412, ¶ 9.  That section defines "victim" as "[a] person who is identified as the victim of a crime or specified delinquent act in a police report or in a complaint, indictment, or information that charges the commission of a crime and that provides the basis for the criminal prosecution."  R.C. 2930.01(H)(1).  However, other appellate districts have declined to use this definition outside of R.C. Chapter 2930, noting that the definitions section expressly applies to that chapter only.  *Allen* at ¶ 14, citing *State v. Cartwright*, 12th Dist. No. CA2016-11-018, 2017-Ohio-7212, ¶ 13.

[2] We note, however, in *State v. Estes*, 3d Dist. No. 13-11-14, 2011-Ohio-5740, the court appears to reach a contrary result in finding that a third-party bank that ultimately bore the financial loss was a victim under R.C. 2929.18.