[Cite as *State v. Anderson*, 2015-Ohio-4519.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                         Court of Appeals No. WD-14-080

    Appellee                                     Trial Court No. 2014-CR-0051

v.

Curtis Anderson, Jr.                          **DECISION AND JUDGMENT**

    Appellant                                    Decided:  October 30, 2015

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney,
Gwen K. Howe-Gebers and David T. Harold, Assistant
Prosecuting Attorneys, for appellee.

Eric Allen Marks, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Curtis L. Anderson, Jr., appeals from the November 7, 2014

judgment of the Wood County Court of Common Pleas convicting him of theft and

sentencing him to imprisonment and ordering him to pay restitution.  For the reasons

which follow, we reverse appellant's sentence in part.  On appeal, appellant asserts the

following assignments of error:

THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY RESTITUTION FOR MATTERS ALLEGED LOSSES [SIC] THAT WERE NOT DIRECTLY AND PROXIMATELY CAUSED BY THE THEFT OFFENSE HE PLED GUILTY TO

THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY $81,083.00 IN RESTITUTION TO THIRD PARTY FINANCIAL INSTITUTIONS

{¶ 2} Appellant was named along with other individuals or corporations who were indicted for allegedly participating in a criminal enterprise. Appellant allegedly participated in two specific incidents by shoplifting goods from retailers. The victims were named in the indictment as specific and unknown merchants.

{¶ 3} Appellant entered a guilty plea to an amended indictment charging one count of theft, a violation of R.C. 2913.02(A)(1). On November 7, 2014, the trial court convicted appellant of the offense and sentenced him to 11 months of imprisonment. The court also ordered appellant to pay $83,083 in restitution, jointly and severally with other defendants, in the amount of $81,083 to the Wood County Clerk of Court who shall disburse said funds as follows: 5/3 Bank—$44,516; Citi—$3,228.19; PNC—$7,737.58; Woodforest Bank—$8,853.28; First Federal Bank—$3,145.75; Discover—$5,130.14; and Key Bank—$8,472.08. Appellant did not object to the order of restitution.

{¶ 4} We address appellant's second assignment of error first. Appellant argues that the trial court erred as a matter of law by ordering appellant to pay restitution to

2.

third-party financial institutions.  We agree.  In a companion case, *State v. Harris*, Jr., 6th Dist. Wood No. WD-14-069, 2015-Ohio-4412 we found that R.C. 2929.18(A)(1) does not authorize the trial court to order restitution to be paid to third-party financial institutions who reimbursed the victim of a crime unless an agreement to do so has been reached during the plea negotiations.  In this case, there was no agreement for the defendant to reimburse the financial institutions.  Therefore, we find appellant's second assignment of error well-taken.

{¶ 5} Having found appellant's second assignment of error well-taken, appellant's first assignment of error is rendered moot.

{¶ 6} Having found that the trial court did commit error prejudicial to appellant, the judgment of the Wood County Court of Common Pleas is reversed, in part.  That portion of the sentencing judgment which imposed restitution to be paid to the insurers is void.  Appellee is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

3.

Mark L. Pietrykowski, J.              _____

                                                                JUDGE

Arlene Singer, J.

                                            _____

Thomas J. Osowik, J.                                JUDGE

CONCUR.

                                            _____

                                                                  JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.