[Cite as *State v. Cunningham*, 2017-Ohio-2689.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-16-034

      Appellee                          Trial Court No. 2014CR0064

v.

Pierre Cunningham                        **DECISION AND JUDGMENT**

      Appellant                         Decided:  May 5, 2017

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney,
Gwen Howe-Gebers and David T. Harold, Assistant Prosecuting
Attorneys, for appellee.

Stephen D. Long, for appellant.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

{¶ 1} Appellant, Pierre Cunningham, appeals the judgment of the Wood County

Court of Common Pleas, sentencing him to four years of community control and ordering

him to pay restitution in the amount of $81,000 following his guilty plea to one count of engaging in a pattern of corrupt activity.

### A.  Facts and Procedural Background

{¶ 2} On February 7, 2014, appellant was indicted on one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) and (B)(1), a felony of the first degree, and one count of possession of heroin in violation of R.C. 2925.11(A) and (C)(6)(a), a felony of the fifth degree.  At his arraignment, appellant pleaded not guilty to the aforementioned charges.

{¶ 3} Following pretrial discovery and motion practice, appellant appeared before the trial court for a change of plea hearing on May 29, 2014.  Pursuant to a plea agreement, appellant entered a plea of guilty to the amended charge of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) and (B)(1), a felony of the second degree.  The state agreed to dismiss the heroin possession charge.  Upon acceptance of appellant's plea, the trial court continued the matter for sentencing.

{¶ 4} At sentencing, the trial court ordered appellant to serve four years of community control and make restitution in the amount of $81,083 jointly and severally with other codefendants.  The court ordered appellant to make payments to the Wood County Clerk of Court, which was provided with further instructions to disburse the funds to several individual financial institutions.

{¶ 5} Appellant subsequently violated the terms of his community control on two separate occasions, resulting in the trial court imposing a four-year prison sentence with credit for time served.  The court also reinstated its order of restitution, garnering

2.

appellant's objection and request that the restitution be imposed pro rata as opposed to jointly and severally between the codefendants based upon appellant's level of participation in the criminal conduct. The trial court overruled appellant's objection and once again ordered appellant to pay restitution jointly and severally with the codefendants, in the amount of $81,083. Appellant's timely appeal followed.

## B. Assignment of Error

{¶ 6} On appeal, appellant sets forth one assignment of error:

> The trial court erred as a matter of law by ordering appellant to pay restitution to third-party financial institutions.

## II. Analysis

{¶ 7} In his sole assignment of error, appellant argues that the trial court erred in ordering him to pay restitution to third party financial institutions rather than directly to the victims who were reimbursed by such institutions. Appellant cites our prior decisions in *State v. Harris*, 6th Dist. Wood No. WD-14-069, 2015-Ohio-4412, and *State v. Anderson*, 6th Dist. Wood No. WD-14-080, 2015-Ohio-4519, in support of his argument.

{¶ 8} In the companion cases of *Harris* and *Anderson*, we held that "R.C. 2929.18(A)(1) does not authorize the trial court to order restitution to be paid to third-party financial institutions who reimbursed the victim of a crime unless an agreement to do so has been reached during the plea negotiations." *Anderson* at ¶ 4. Here, there was no such agreement for appellant to reimburse the financial institutions. The state

3.

acknowledges this fact and concedes that the order of restitution must be declared void.

We agree.  Therefore, we find appellant's sole assignment of error well-taken.

### III.  Conclusion

{¶ 9} In light of the foregoing, the judgment of the Wood County Court of

Common Pleas is affirmed, in part, and reversed, in part.  The trial court's imposition of

restitution is void.  Appellee is ordered to pay the court costs of this appeal pursuant to

App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                          JUDGE
Arlene Singer, J.                    

James D. Jensen, P.J.             _____
CONCUR.                                               JUDGE

                                             _____
                                                          JUDGE