[Cite as *State v. Sailes*, 2016-Ohio-5132.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103095**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL SAILES

DEFENDANT-APPELLANT

**JUDGMENT:**
VACATED IN PART,
REVERSED IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-578395-A, CR-13-578399-A, CR-13-578486-B,
CR-13-578584-A, CR-13-580380-C, CR-13-580381-B,
CR-13-580382-A, and CR-14-589161-A

**BEFORE:** Laster Mays, J., Stewart, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 28, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

By:    John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Glen Ramdhan
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Michael Sailes ("Sailes") appeals the sentencing imposed in eight separate cases,[1] where Sailes pleaded guilty to theft, misuse of credit card, and identity theft, and was sentenced to a total of seven years in prison. After sentencing on these offenses, the trial court sentenced Sailes to an additional two-year consecutive sentence in two other pending cases for an aggregate of nine years imprisonment. We vacate in part, reverse in part, and remand to the trial court.

{¶2} Sailes received three consecutive sentences from the Cuyahoga County Common Pleas Court on case Nos. CR-13-580380-C, CR-13-580381-B, and CR-14-589161-A; one year, three years, and three years, respectively. The sentences for the other five cases were to run concurrent to his three consecutive sentences. In addition to his sentences, Sailes was ordered to pay restitution to the victims of his crimes including, but not limited to, Giant Eagle, First Merit Bank, and Sam's Club.

{¶3} After sentencing, the trial court issued a nunc pro tunc sentencing order stating that the sentences imposed in case Nos. CR-13- 580382-A and CR-13-578399-A were also to run consecutively to the sentences imposed in the other three cases. This resulted in Sailes receiving a total sentence of nine years rather than the original

---

[1] These cases are Cuyahoga C.P. Nos. CR-13-578395-A, CR-13-578399-A, CR-13-578486-B, CR-13-578584-A, CR-13-580380-C, CR-13-580381-B, CR-13-580382-A, and CR-14-589161-A.

seven-year sentence. As a result, Sailes has filed this timely appeal and assigns three errors for our review.

> I.     The nunc pro tunc journal entries of December 17, 2014 must be vacated because they do not reflect what took placed in open court.

> II.   The case must be remanded so that the court's findings in support of consecutive sentencing can be journalized.

> III.   The sentences in Cuyahoga County Common Pleas case Nos. CR-13-580380 and CR-13-580381 must be vacated because they include restitution to non-victims.

**{¶4}** The state of Ohio concedes Sailes's first two assignments of error. As to the first assignment of error, the state asks that this court to vacate the nunc pro tunc journal entry and remand to the trial court to reflect the sentencing hearing transcript. In *Doe v. Catholic Diocese*, 158 Ohio App.3d 49, 2004-Ohio-3470, 813 N.E.2d 977, ¶ 10 (8th Dist.), this court stated:

> The purpose of a nunc pro tunc entry is restricted to placing upon the record evidence of judicial action which has been actually taken and it can be exercised only to supply omissions in the exercise of functions that are clerical merely. The function of nunc pro tunc is not to change, modify, or correct erroneous judgments, but merely to have the record speak the truth.

*See also Pepera v. Pepera*, 8th Dist. Cuyahoga Nos. 51989 and 52024, 1987 Ohio App. LEXIS 6807 (Mar. 26, 1987) (unreported, holding, "A court may not by way of a nunc pro tunc entry, enter of record that which it intended or might have made but which in fact was not made.") *Id.*, quoting *Myers v. Shaker Hts.*, 8th Dist. Cuyahoga Nos. 57005 and 58056, 1990 Ohio App. LEXIS 2278 (June 7, 1990). The nunc pro tunc entry is vacated because it does not reflect the record at sentencing.

{¶5} The state also asks this court, on the second assignment of error, to remand to the trial court to properly incorporate the statutory findings for consecutive sentences in the journal entry. This court found in *State v. Miller*, 8th Dist. Cuyahoga No. 100461, 2014-Ohio-3907, ¶ 107, that the trial court had made the required findings under R.C. 2929.14(C)(4) to support the imposition of consecutive sentences and had considered all required factors of law. The court went on to state that the record revealed, however, that the trial court failed to incorporate in the journal entry the statutory findings supporting consecutive sentences that it made at sentencing. "Thus * * *, this matter is remanded to the trial court for the court to issue a new sentencing journal entry, nunc pro tunc, to incorporate its findings." *Id.* Therefore, this court remands the case to the trial court to incorporate the statutory findings in the journal entry.

{¶6} The state also concedes that Sailes's ordered restitution to First Merit Bank, in the third assignment of error, should be vacated, but opposes vacating orders of restitution to Sam's Club and Giant Eagle.

{¶7} In the third assignment of error, appellant argues that the sentences in Cuyahoga C.P. Nos. CR-13-580380-C and CR-13-580381-B must be vacated because they include restitution to nonvictims. As part of his plea bargain, Sailes agreed to make restitution to Giant Eagle and Sam's Club, even though they were not named as victims in the indictments to which he pleaded guilty. Therefore, the first question we address is whether Sailes can appeal from restitution that he agreed to make.

**{¶8}** "An agreed-upon sentence may not be appealed if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law. R.C. 2953.08(D)(1). If all three conditions are met, the defendant may not appeal the sentence." *State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269, ¶ 27.

**{¶9}** Sailes agreed to pay Giant Eagle $915.68 and Sam's Club $756.17 in restitution as part of a plea deal. (Tr. 14 and 15.) The state agreed with his sentence. (Tr. 13 and 14.) The trial court imposed the sentence on Sailes. (Tr. 41 and 42.) Such an agreement is authorized by law. *See State v. Stewart*, 3d Dist. Allen No. 16-08-11, 2008-Ohio-5823, ¶ 13 ("the language of R.C. 2929.18(A)(1) does not specifically restrict the parties from agreeing to an award of restitution that is not provided for in the statute."); *State v. Harris*, 6th Dist. Wood No. WD-14-069, 2015-Ohio-4412, ¶ 8 ("if the defendant agreed to pay the third party restitution as part of his plea agreement, that agreement is enforceable.") Therefore, Sailes's agreed-upon sentence may not be appealed.

**{¶10}** The same issue was decided by this court in *State v. Maurer*, 8th Dist. Cuyahoga No. 103162, 2016-Ohio-1380, ¶ 25, where we held that "where a defendant orally agrees to pay restitution to a known third-party claimant, and also acquiesces to the inclusion of the restitution agreement in the plea, then this agreement is enforceable." The trial court's decision in *Maurer* was affirmed. In accordance with R.C.

2953.08(D)(1), an agreed-upon lawful sentence cannot be appealed. Therefore, the third assignment of error is disregarded.

**{¶11}** The judgment of the trial court is vacated in part, reversed in part, and remanded for further proceedings consistent with this opinion.

It is ordered that the appellant and appellee split costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry out this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

SEAN C. GALLAGHER, J., CONCURS;
MELODY J. STEWART, P.J., CONCURS WITH SEPARATE OPINION

MELODY J. STEWART, P.J., CONCURRING WITH SEPARATE OPINION:

{¶12} I concur with the decision reached in this case but write separately to call attention to the meaning of the word "victim." Although not necessarily germane to the analysis of the majority opinion, I question whether the limitation of the term "victim" to include only those who are named in a case is accurate. The Revised Code defines the term in several sections. Most informative are the following sections: reparation award to victims, R.C. 2743.51(L); recovery of offender's profits fund definitions, R.C. 2969.01(B); and crime victims recovery fund definitions, R.C. 2969.11(B). These sections state in part that a victim is one who suffers property loss as a result of an offense, as opposed to sections like R.C. 2930.01 and 5139.01, which provide in part that a victim is one who is identified as the victim of a crime in a police report, complaint, indictment, or information that charges the commission of an offense. I submit that, although not named as victims in the indictment against Sailes, the stores to which Sailes agreed to make restitution suffered a loss as a result of his crimes. Seems to me that they are, therefore, victims.