SEAN C. GALLAGHER, J.:
{¶ 1} Joshua McKinney appeals his convictions for disrupting public services and criminal damaging that resulted in a sentence of 18 months in prison on the disrupting public services count, a fourth-degree felony offense. The sentence on the criminal damaging misdemeanor was limited to time served. The only issue preserved for appellate review is whether the two counts should have merged as allied offenses of similar import. They should have, and as a result, we reverse and vacate the sentence imposed on both counts and remand for further proceedings.
*818 {¶ 2} The facts underlying the conviction are not disputed-McKinney cut off an electronic tracking bracelet he was required to wear while on home detention. The single act simultaneously constituted the commission of both the criminal damaging and the disrupting public services charges.
{¶ 3} Under R.C. 2941.25, courts must use a three-part inquiry to determine whether a defendant can be convicted of multiple offenses if those offenses arose from the same act or transaction:
(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.
State v. Ruff , 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31. The test is stated in the disjunctive form: the existence of any one prong suffices for the imposition of separate sentences. State v. Esner , 8th Dist. Cuyahoga No. 104594, 2017-Ohio-1365, 2017 WL 1365454, ¶ 6.
{¶ 4} McKinney failed to raise the issue of allied offenses during his sentencing hearing. This omission, however, does not preclude McKinney from raising the issue on appeal; it simply limits the scope of review. The failure to raise allied-offense issues at sentencing forfeits all but plain error. State v. Rogers , 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. Reversible error exists when the error affects the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. State v. Williams , 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 25. If the offender can demonstrate that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus, then we must reverse. Id. The trial court was statutorily precluded from imposing sentences on both counts. R.C. 2941.25.
{¶ 5} In this case, the facts are not disputed. McKinney cut off his ankle monitor, simultaneously damaging property and impeding police service communications with that single snip. In light of the undisputed fact that a single, discrete act simultaneously constituted both crimes and, therefore, there was no separate animus, we agree with McKinney that both offenses were subject to merger even under the plain error standard of review. See, e.g., State v. Marneros , 2015-Ohio-2156, 35 N.E.3d 925, ¶ 44 (8th Dist.) (the forgeries aggregated into the single theft of $7,685; offenses inherently occurred simultaneously and thus were allied offenses); State v. Smith , 8th Dist. Cuyahoga No. 103586, 2016-Ohio-8043, 2016 WL 7158601, ¶ 61 ("The kidnapping and rape were committed simultaneously and with the same animus."); State v. Tate , 8th Dist. Cuyahoga No. 97804, 2014-Ohio-5269, 2014 WL 6679060, ¶ 48 (convictions should have merged because both offenses were committed simultaneously, with the same course of conduct and animus).
{¶ 6} In response, the state claims the two offenses were of dissimilar import because one caused the disruption of public services and the other, the destruction of property. Although a true statement, the state's position overlooks the fact that both crimes were committed through the damaging of the same piece of property.
{¶ 7} "Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B)" if the harm that results from each offense is separate and identifiable. Ruff , 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at ¶ 23. When reviewing to determine whether offenses are of *819 similar import in cases involving a single victim, we must review the statutory language and intent. See, e.g., State v. Earley , 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 15 (reviewing the separate intent behind criminalizing aggravated vehicular assault and felony operation of a vehicle while intoxicated).
{¶ 8} R.C. 2909.04(A)(1), disrupting public services, provides in pertinent part that "[n]o person, purposely by any means or knowingly by damaging or tampering with any property, shall" interrupt or impair police service communications. R.C. 2909.06(A)(1) provides that no person shall knowingly cause physical harm to any property. Although it must be recognized that R.C. 2909.04(A)(1) contemplates disrupting police service communications by any means, a plain reading of both statutes indicates the legislative intent to, in part, punish offenders for damaging property-the facts presented in the current case. The additional fact that the damaging of property interrupts or impairs police communications elevates the misdemeanor criminal damaging to a felony-level offense.
{¶ 9} The state argues that we should distinguish the harm caused by the act of physically damaging the electronic tracking bracelet (the destruction of property) from the purported harm of the police not being able to track McKinney's whereabouts (impairing communications). This approach could lead to an absurd result where any identifiable effect, consequence, or by-product of criminal conduct, no matter how remote, would suffice to justify separate convictions. The practice of categorizing all possible consequences, ramifications or by-products of criminal conduct into separately punishable harms could result in almost no offenses ever merging under the Ruff analysis. There would always be some identifiable harm that could be identified to justify separate convictions.
{¶ 10} In this case, the statutes at play give us some guidance on how to evaluate the purported dissimilar import dilemma. The harm related to disrupting public services-impairing police communications-stems directly from the damaged property. The disrupting public services statute contemplates that one of the means to commit the crime is by damaging property, the very conduct criminalized by criminal damaging. Thus, the separate harms the state claims as a basis to impose separate punishments is the harm related to each element of the disrupting public services crime. The two claimed harms, the damaged property and the impaired communications, are necessarily intertwined and do not exist as independent "harms" for purposes of authorizing separate convictions.
{¶ 11} The state's reliance on State v. Street , 8th Dist. Cuyahoga No. 102096, 2015-Ohio-2520, 2015 WL 3899393, is misplaced. In Street , we found that carrying a concealed weapon and having a weapon while under disability were not allied offenses of similar import. In doing so, we relied on an earlier Supreme Court of Ohio case, State v. Rice , 69 Ohio St.2d 422, 433 N.E.2d 175 (1982), where the court held that
the intent, or animus, necessary to commit the crime of carrying a concealed weapon, is to carry or conceal, on the person or ready at hand, a deadly weapon or dangerous ordnance. The gist of the offense is concealment * * * The gravamen of the offense of having a weapon while under disability, is to knowingly acquire, have, carry, or use, a weapon while under a legal disability. It may be concluded that there is a difference in the mental state required for both crimes.
*820 {¶ 12} This is not the case with criminal damaging and disrupting public service where the animus for both offenses under these facts was the same for both crimes, damaging property. Unlike carrying a concealed weapon and having a weapon while under disability, the criminal damaging and the disrupting public service charges are inextricably linked by the same conduct with the same animus.
{¶ 13} When the property is part of the police communications system, the legislature deemed the criminal damaging to be worthy of greater punishment, but that fact does not mean that the conduct created a separate harm-the crime seeks to punish for causing the damage of a particular type of property. The two offenses were allied and subject to merger under the plain error standard of review.
{¶ 14} We reverse and vacate the two convictions for disrupting public services and criminal damaging, and remand this case for the state to elect upon which count to proceed to sentencing.
EILEEN A. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR