[Cite as *State v. Elem*, 2018-Ohio-1194.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105821**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ELIJAH D. ELEM

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-615013-A

**BEFORE:**  McCormack, P.J., Boyle, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**  March 29, 2018

**ATTORNEY FOR APPELLANT**

Paul A. Mancino, Jr.
Mancino, Mancino & Mancino
75 Public Square Bldg., Ste. 1016
Cleveland, OH 44113-2098


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Scott C. Zarzycki
Daniel T. Van
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant Elijah Elem ("Elem") appeals his conviction and sentence, arguing that his offenses should have been merged for sentencing, he did not receive effective assistance of counsel, the imposition of consecutive sentences violated his Sixth Amendment rights, and his plea was not knowingly, intelligently, or voluntarily entered. For the reasons that follow, we affirm his conviction and sentence.

**Procedural and Substantive History**

{¶2} This case originated in juvenile court and stems from events that occurred on November 15, 2016. Our understanding of the facts that form the basis of this case is limited to the allegations in the indictment and the brief discussion of the facts that took place on the record at sentencing. Elem, who was 17 years old at the time, went over to the victim's house with two friends to smoke marijuana. While at the victim's house, Elem and the two others decided to rob the victim of his money and cell phone. At some point, Elem shot the victim at close range. According to the state, the gunshots were fired after the victim was robbed. Elem and one of the other men were apprehended fleeing the scene.

{¶3} The juvenile court held an amenability hearing on February 22, 2017. The juvenile judge considered the relevant factors in favor of and against transfer pursuant to R.C. 2152.12(D) and (E) and ordered the case to be transferred to the General Division of the Cuyahoga County Common Pleas Court.

{¶4} Elem was subsequently indicted on one count of attempted murder, a felony in the first degree, in violation of R.C. 2923.02(A); two counts of aggravated robbery, a felony in the first degree, in violation of R.C. 2911.01(A)(1) and 2911.01(A)(3); two counts of robbery, a felony in the second degree, in violation of R.C. 2911.02(A)(1) and 2911.02(A)(2); one count of robbery, a felony in the third degree, in violation of R.C. 2911.02(A)(3); two counts of felonious assault, a felony in the second degree, in violation of R.C. 2903.11(A)(1) and 2903.11(A)(2); and one count of kidnaping, a felony in the first degree, in violation of R.C. 2905.01(A)(2).

{¶5} Elem pleaded guilty to attempted murder with one- and three-year firearm specifications and to aggravated robbery. The other charges in the indictment were dismissed.

{¶6} At sentencing, the trial court sentenced Elem to three years on the firearm specifications, which had merged for sentencing, eight years on the attempted murder charge, and six years on the aggravated robbery charge. The sentences were ordered to be served consecutively, for a total of 17 years.

{¶7} Elem now appeals, presenting four assignments of error for our review.

## Law and Analysis

## Merger

**{¶8}** In his first assignment of error, Elem argues that he was subjected to multiple punishments, in violation of the Double Jeopardy Clause of the U.S. Constitution and R.C. 2941.25, when no effort was made by his counsel to request merger of the offenses. To the extent that arguments from this assignment of error are incorporated in the second assignment of error, we will address them in our discussion of ineffective assistance of counsel.

**{¶9}** Elem asserts that the attempted murder and aggravated robbery counts should have been merged for sentencing, pursuant to R.C. 2941.25, because the offenses were committed on the same day and involved the same victim and allegedly the same criminal act. Elem's trial counsel did not bring up the issue of merger at sentencing, and the court did not conduct any corresponding analysis on the record. Most of Elem's argument here, echoed in his second assignment of error, seems to center on the fact that his trial counsel made no effort to request merger. However, Elem also argues that he was "at least entitled to a hearing" on this issue. Therefore, in analyzing this assignment of error, we must first determine whether the trial court committed plain error by not holding a hearing as to whether the two counts were allied offenses of similar import.

**{¶10}** R.C. 2941.25 states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶11}** Neither party brought up the issue of merger at any time in the lower court proceedings. In *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3, the Ohio Supreme Court held that a defendant forfeits all but plain error when an allied offense issue is not raised at sentencing. To satisfy plain error review in this context, an appellant must demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus. *Id.* Despite Elem's contention that he was entitled to a hearing on this issue, absent this showing, he "cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error." *Id*.

**{¶12}** Courts employ a three-part test in determining whether offenses must be merged for sentencing under R.C. 2941.25, considering whether the offenses were similar in import or significance, whether they were committed separately, and whether they were committed with separate animus or motivation. *State v. McKinney*, 8th Dist. Cuyahoga No. 105136, 2017-Ohio-7075, ¶ 3, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 20. An affirmative answer to any of the three inquiries is sufficient to impose separate sentences. *State v. Esner*, 8th Dist. Cuyahoga No. 104594, 2017-Ohio-1365, ¶ 6. Further, "a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that

results from each offense is separate and identifiable from the harm of the other offense."

*Ruff* at ¶ 26.

{**¶13**} We note that this court has previously found that attempted murder and aggravated robbery are not allied offenses of similar import. *State v. Johnson*, 8th Dist. Cuyahoga No. 99822, 2014-Ohio-494, ¶ 25; *State v. Orr*, 8th Dist. Cuyahoga No. 96377, 2011-Ohio-6269, ¶ 38. In both *Johnson* and *Orr*, the court found that the conduct amounting to aggravated robbery had been completed before the conduct amounting to attempted murder.

{**¶14**} In support of his argument, Elem emphasizes that the record includes a limited discussion of the facts surrounding Elem's convictions and no discussion of the facts as they might specifically relate to merger. In his brief, Elem contests the state's characterization of the facts and their chronology, noting that although he entered a plea of guilty to two counts, he did so without any recitation of the facts or an admission of any facts beyond those alleged in the indictment. Even with this limited understanding of the facts, however, we find that his aggravated robbery and attempted murder convictions are not allied offenses of similar import requiring merger.

{**¶15**} Elem cannot meet his burden to demonstrate a reasonable probability that the offenses were committed with the same conduct. The attempted murder count was committed when Elem attempted to purposely cause the death of the victim. The aggravated robbery count was committed when Elem, in attempting to commit or committing a theft offense, or in fleeing immediately after the attempt or offense upon the

victim, did have a firearm on his person or under his control and either displayed the weapon, brandished it, indicated that he possessed it, or used it. Regardless of whether one agrees with the state's chronology that Elem first stole money, credit cards, and a cell phone from the victim at gunpoint — completing the act of aggravated robbery — and then attempted to murder the victim by shooting him twice at close range, it is difficult to imagine how Elem would have been able to steal things from the victim while simultaneously shooting him.

{¶16} Even if we were able to comprehend such a situation, Elem's claim here still fails because the harm that resulted from each offense was separate and identifiable. With respect to aggravated robbery, the harm was both the property having been stolen from the victim and the terror instilled in the victim by being robbed at gunpoint. With respect to attempted murder, the harm was the nearly fatal physical injuries sustained by the victim, as well as the trauma endured by the victim upon being shot twice at close range. Based on this, Elem cannot demonstrate that the trial court's failure to merge the offenses for sentencing was plain error. *Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, at ¶ 3; *Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at ¶ 26. We therefore deny this assignment of error.

**Ineffective Assistance of Counsel**

{¶17} In his second assignment of error, Elem argues that he was denied effective assistance of counsel based on his counsel's failure to obtain transcripts of the juvenile

court proceedings, failure to request merger, and failure to investigate with respect to the amenability hearing. We disagree.

{¶18} In order to establish ineffective assistance of counsel, an appellant must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate deficient performance, an appellant must show that "'counsel's representation fell below an objective standard of reasonableness.'" *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland*. If an appellant is able to show that his counsel was deficient and satisfy the first prong of the *Strickland* test, he must then establish that there exists "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Murphy*, 91 Ohio St.3d 516, 538, 2001-Ohio-112, 747 N.E.2d 765, citing *Strickland*.

{¶19} Elem is unable to satisfy either prong of the test for any of his three alleged deficiencies. Elem first claims that because his case was bound over from juvenile court, his counsel was obligated to obtain a transcript of the juvenile court proceedings. Elem cites nothing to support his contention that failure to obtain the juvenile transcripts was in any way deficient, nor does he attempt to argue that this prejudiced his defense in any way.

{¶20} Elem goes on to claim that his counsel's failure to request a merger of the offenses constituted ineffective assistance of counsel. We do not doubt that failure to request merger of allied offenses may in some cases constitute deficient performance.

However, in light of our foregoing discussion and determination that the aggravated robbery and attempted murder were not allied offenses of similar import, Elem's argument here necessarily fails. Because the offenses were not allied offenses, resulting in separate harms and likely caused by separate conduct, Elem is unable to show how the outcome would have been different had his counsel requested merger.

{¶21} Finally, Elem argues that because the juvenile court's journal entry following the amenability hearing allegedly contained some inconsistencies, he was improperly bound over and his counsel was deficient for failing to investigate this and, ultimately, request a remand or dismissal.

{¶22} We first note that beyond a list of relevant factors both in favor of and against transfer, pursuant to R.C. 2152.12(D) and(E), respectively, we do not find anything in the journal entry that could amount to a critical inconsistency. The existence of both kinds of factors is not in itself an inconsistency that impacts the appropriateness of transfer. The juvenile court heard testimony and evidence related to Elem's amenability, considered the factors in R.C. 2152.12(D) and (E), and subsequently found that there are reasonable grounds to believe that Elem was not amenable to care or rehabilitation within the juvenile system.

{¶23} Further, although the journal entry shows that the juvenile court considered the relevant factors for a discretionary transfer under R.C. 2152.12(B), we note that the journal entry establishes that the criteria for a mandatory transfer under R.C. 2152.12(A)(1)(a) were met in this case. That provision states:

(a) After a complaint has been filed alleging that a child is a delinquent child for committing an act that would be aggravated murder, murder, attempted aggravated murder, or attempted murder if committed by an adult, the juvenile court at a hearing shall transfer the case if either of the following applies:

(I) The child was sixteen or seventeen years of age at the time of the act charged and there is probable cause to believe that the child committed the act charged.

(ii) The child was fourteen or fifteen years of age at the time of the act charged, section 2152.10 of the Revised Code provides that the child is eligible for mandatory transfer, and there is a probable cause to believe that the child committed the act charged.

{¶24} The offenses in the indictment included attempted murder, and Elem was 17 at the time of their commission. The journal entry included these findings and noted that there was probable cause to believe that Elem committed the offenses listed in the indictment.

{¶25} Even if Elem had been able to provide some indication of why transfer was inappropriate or how his counsel should have investigated, he is again unable to satisfy the second prong of the *Strickland* test. Without establishing a reasonable probability that, had counsel investigated the appropriateness of his case, the outcome of the proceeding would have been different, Elem's argument fails.

{¶26} Because Elem has not been able to satisfy both prongs of the *Strickland* test, we find that he did not receive ineffective assistance of counsel and dismiss his second assignment of error.

**Consecutive Sentences**

**{¶27}** In his third assignment of error, Elem argues that the trial court violated his Sixth Amendment rights by imposing consecutive sentences. Specifically, Elem argues that the trial court's sentence was improperly based on judicial fact-finding.

**{¶28}** Pursuant to R.C. 2953.08(G)(2), a reviewing court may vacate or modify a felony sentence if the sentence is contrary to law or if it "finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

**{¶29}** R.C. 2929.14(C)(4) requires a sentencing court to make certain findings before imposing consecutive sentences. First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(C)(4). The court must also find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Finally, the court must find any one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4). Beyond making these findings, the court must also incorporate those findings into its sentencing entry. *State v. Hendricks*, 8th Dist. Cuyahoga No. 101864, 2015-Ohio-2268, ¶ 12, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 1.

> **{¶30}** Here, the trial court made the requisite findings at sentencing, stating:
>
> The Court finds that consecutive sentences are necessary to protect the public from future crime and to punish you, and that they're not disproportionate to the seriousness of your conduct and the danger you pose to the public based upon the fact that you committed two of the offenses as part of one or more courses of conduct, and the harm caused was so great or unusual that no single prison term would adequately reflect the seriousness of the conduct.

This was sufficient to impose consecutive sentences under Ohio law.

**{¶31}** Elem argues that because he did not admit to any facts beyond what was alleged in the indictment, the court had no information on which to base consecutive sentences. Therefore, according to Elem, consecutive sentences must have been based on improper judicial fact-finding. Specifically, Elem appears to take issue with the trial court's discussion of the impact that his crimes had on the victim. We have acknowledged that the facts on the record in this case are limited. That does not, however, diminish the seriousness of the crimes to which Elem pleaded guilty.

**{¶32}** Further, while a court is not constitutionally permitted to base a sentence on facts that were neither admitted by the defendant or found by a jury, this does not mean that judges are without any discretion in sentencing. On the contrary, the weight given to sentencing factors is discretionary, and "that discretion purely rests with the trial court." *State v. Allison*, 8th Dist. Cuyahoga No. 105212, 2017-Ohio-7720, ¶ 25, citing *State v. Jones*, 8th Dist. Cuyahoga No. 104152, 2016-Ohio-8145, ¶ 14.

**{¶33}** We find that the record clearly and convincingly supports consecutive sentences in this case. Similarly, we do not find any judicial commentary that would rise to the constitutionally problematic level alleged by the appellant. Therefore, we overrule this assignment of error.

## Guilty Plea

**{¶34}** In Elem's fourth and final assignment of error, he argues that he was denied due process of law because his plea was not knowingly, intelligently, or voluntarily entered with a full understanding of the effect of his plea. Specifically, Elem argues that his plea was not knowingly entered because he was not informed that entering a plea of guilty was a complete admission of the facts alleged in the indictment. We find no merit to this assignment of error.

**{¶35}** In order to ensure that a defendant's plea is entered knowingly, intelligently, and voluntarily, a trial court must engage the defendant in an oral dialogue pursuant to Crim.R. 11. *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450.

**{¶36}** The Ohio Supreme Court has held that the right to be informed that a guilty plea is an admission of guilt is a nonconstitutional right and therefore is reviewed for substantial compliance. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12, citing *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990). To succeed in challenging his plea under the substantial compliance standard, an appellant must show a prejudicial effect; that is, that the plea would not otherwise have been made. *Nero* citing *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977). A reviewing court analyzes the totality of the circumstances surrounding the plea to determine whether the individual subjectively understood that a guilty plea is a complete admission of guilt. *Griggs* citing *Nero*.

**{¶37}** In *Griggs*, the Supreme Court held that "[a] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *Griggs* at syllabus. At the plea hearing in this case, the trial court explained the constitutional rights that Elem would be waiving by entering a plea of guilty and Elem stated that he understood those rights. The court also reviewed the offenses and the corresponding maximum penalties with Elem, which he also indicated he understood. Beyond expressing his understanding of the rights he was waiving and the penalties he faced, Elem made no assertions at the plea hearing, and he at no point maintained his innocence. Viewing the totality of the circumstances surrounding Elem's plea, he was not prejudiced by the trial court's failure to explicitly inform him that his plea was an admission of guilty.

**{¶38}** Because we find no merit to any of Elem's assignments of error, we affirm his conviction and sentence.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR